Case 0:22-cr-60001-AHS   Document 1   Entered on FLSD Docket 01/04/2022   Page 1 of 10

FILED by **KS** D.C.

Jan 4, 2022

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. **22-60001-CR-SINGHAL/SNOW**

18 U.S.C. § 371
18 U.S.C. § 982

UNITED STATES OF AMERICA

vs.

GARY A. VENNING,

       Defendant.
_____/

## INFORMATION

The United States Attorney charges that:

### GENERAL ALLEGATIONS

At all times material to this Information:

### The Paycheck Protection Program

1.    The Coronavirus Aid, Relief, and Economic Security ("CARES") Act was a federal law enacted in or around March 2020 and designed to provide emergency financial assistance to the millions of Americans who are suffering the economic effects caused by the COVID-19 pandemic. One source of relief provided by the CARES Act was the authorization of forgivable loans to small businesses for job retention and certain other expenses, through a program referred to as the Paycheck Protection Program ("PPP").

2.    In order to obtain a PPP loan, a qualifying business submitted a PPP loan application, which was signed by an authorized representative of the business. The PPP loan application required the business (through its authorized representative) to acknowledge the program rules and make certain affirmative certifications in order to be eligible to obtain the PPP loan. In the PPP

loan application (Small Business Administration ("SBA") Form 2483), the small business (through its authorized representative) was required to provide, among other things, its: (a) average monthly payroll expenses; and (b) number of employees. These figures were used to calculate the amount of money the small business was eligible to receive under the PPP. In addition, businesses applying for a PPP loan were required to provide documentation confirming their payroll expenses.

3. A PPP loan application was processed by a participating lender. If a PPP loan application was approved, the participating lender funded the PPP loan using its own monies. While it was the participating lender that issued the PPP loan, the loan was 100% guaranteed by the SBA. Data from the application, including information about the borrower, the total amount of the loan, and the listed number of employees, was transmitted by the lender to the SBA in the course of processing the loan.

4. PPP loan proceeds were required to be used by the business on certain permissible expenses—payroll costs, interest on mortgages, rent, and utilities. The PPP allowed the interest and principal on the PPP loan to be entirely forgiven if the business spent the loan proceeds on these expense items within a designated period of time and used a defined portion of the PPP loan proceeds on payroll expenses.

### The Defendant, Related Entities and Individuals

5. Defendant **GARY A. VENNING** was a resident of Dorchester County, South Carolina.

6. Vennings Liquor & Spirits LLC ("Vennings Liquor") was a South Carolina limited liability company with its registered address in Charleston County, South Carolina. Vennings Liquor was owned and operated by a close relative of **GARY A. VENNING**.

7.     Bank 1 was a financial institution based in Salt Lake City, Utah, that was insured by the Federal Deposit Insurance Corporation ("FDIC"). Bank 1 was an approved SBA lender of PPP loans.

8.     Bank Processor 1 was a third-party company processor, based in Redwood City, California, that processed PPP loan applications for Bank 1.

9.     James Stote was a resident of Broward County, Florida.

10.    Devonte Thames was a resident of Charleston County, South Carolina.

11.    Jerrica Rosado was a resident of Contra Costa County, California, and Mecklenburg County, North Carolina.

12.    Andre Clark was a resident of Broward County, Florida.

## Conspiracy to Commit Wire Fraud
## (18 U.S.C. § 371)

From on or about May 29, 2020, through on or about July 13, 2020, in Broward County, in the Southern District of Florida, and elsewhere, the defendant,

## GARY A. VENNING,

did willfully, that is, with the intent to further the object of the conspiracy, and knowingly combine, conspire, confederate, and agree with James Stote, Devonte Thames, Jericca Rosado, Andre Clark and with others known and unknown to the United States Attorney, to commit an offense against the United States, that is, to knowingly, and with the intent to defraud, devise, and intend to devise, a scheme and artifice to defraud, and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, knowing that the pretenses, representations, and promises were false and fraudulent when made, and, for the purpose of executing the scheme and artifice, to knowingly transmit and cause to be transmitted, by means of wire communication in interstate commerce, certain writings, signs, signals, pictures, and sounds,

3

in violation of Title 18, United States Code, Section 1343.

## PURPOSE OF THE CONSPIRACY

13.     It was the purpose of the conspiracy for the defendant and his co-conspirators to unlawfully enrich themselves by, among other things: (a) submitting and causing the submission of false and fraudulent applications for PPP loans made available through the SBA to provide relief for the economic effects caused by the COVID-19 pandemic; (b) offering, paying, and receiving kickbacks in return for referring other individuals for the submission of false and fraudulent loan applications; and (c) diverting fraud proceeds for the personal use of the defendant and his co-conspirators, the use and benefit of others, and to further the conspiracy.

## MANNER AND MEANS OF THE CONSPIRACY

The manner and means by which the defendant and his co-conspirators sought to accomplish the object and purpose of the conspiracy included, among others, the following:

14.     **GARY A. VENNING**, James Stote, Devonte Thames, Jericca Rosado, Andre Clark, and other co-conspirators submitted and caused the submission of fraudulent PPP loan applications for Vennings Liquor and other entities via interstate wire communications.

15.     The fraudulent PPP loan applications submitted and caused to be submitted by **GARY A. VENNING**, James Stote, Devonte Thames, Jericca Rosado, Andre Clark, and other co-conspirators for Vennings Liquor and other entities included falsified bank statements and payroll tax forms, among other things, and falsely and fraudulently represented the borrowing entities' number of employees and amount of monthly payroll. **VENNING** and other co-conspirators paid James Stote and other co-conspirators kickbacks in exchange for facilitating and obtaining fraudulent PPP loans.

16.     As a result of the false and fraudulent PPP loan applications submitted as part of

4

this scheme, Bank 1 and other participating banks disbursed millions of dollars in PPP loan proceeds, of which approximately $454,272 resulting from a fraudulent loan submitted on behalf of Vennings Liquor was transferred into a bank account in the name of Vennings Liquor.

## OVERT ACTS

In furtherance of the conspiracy, and to accomplish its object and purpose, at least one of the co-conspirators committed and caused to be committed, in the Southern District of Florida and elsewhere, at least one of the following overt acts, among others:

1. On or about May 30, 2020, Andre Clark sent James Stote a text message containing, among other things, the name, social security number, date of birth, address, and e-mail address of **GARY A. VENNING**, along with the Taxpayer Identification Number, bank account, and routing number for Vennings Liquor.

2. On or about May 31, 2020, **GARY A. VENNING** sent Devonte Thames a text message confirming the bank account and routing number for Vennings Liquor.

3. On or about May 31, 2020, James Stote created an online loan account for **GARY A. VENNING** with Bank Processor 1.

4. On or about June 1, 2020, **GARY A. VENNING** electronically viewed and signed a PPP loan application on behalf of Vennings Liquor, which application was electronically signed bearing the name "Gary Venning," and requested a PPP loan for Vennings Liquor in the amount of $454,272 based on a false representation that Vennings Liquor had 22 employees and an average monthly payroll of $181,709.

5. On or about June 1, 2020, **GARY A. VENNING** sent Devonte Thames a text message with information regarding the referral of an individual into the scheme. This text message included, among other things: (1) the individual's name, address, date of birth, social

security number, and e-mail address; (2) the individual's business name, business address, and Federal Tax ID; and (3) bank account and routing numbers.

6. On or about June 2, 2020, **GARY A. VENNING** received a $454,272 wire into a business checking account ending in 9201 held in the name of Vennings Liquor.

7. On or about June 8, 2020, **GARY A. VENNING** caused a wire payment in the amount of $113,568 to be made from the Vennings Liquor business checking account ending in 9201 to James Stote.

8. On or about June 26, 2020, **GARY A. VENNING** withdrew $200,000 in cash from the Vennings Liquor business checking account ending in 9201.

All in violation of Title 18, United States Code, Section 371.

## FORFEITURE ALLEGATIONS

1. The allegations contained in this Information are hereby re-alleged and by this reference fully incorporated herein for the purpose of alleging forfeiture to the United States of certain property in which the defendant, **GARY A. VENNING**, has an interest.

2. Upon conviction of a violation of Title 18, United States Code, Section 371, as alleged in this Information, the defendant shall forfeit to the United States any property constituting, or derived from, any proceeds the defendant obtained, directly or indirectly, as the result of such violation pursuant to Title 18, United States Code, Section 982(a)(2)(A).

3. If any of the property subject to forfeiture, as a result of any act or omission of the defendant:

   a. cannot be located upon the exercise of due diligence;
   b. has been transferred or sold to, or deposited with, a third party;
   c. has been placed beyond the jurisdiction of the court;

  d. has been substantially diminished in value; or

  e. has been commingled with other property which cannot be divided without difficulty,

the United States shall be entitled to the forfeiture of substitute property under the provisions of Title 21, United States Code, Section 853(p) and such substitute property includes, but is not limited to: real property located at 483 Spanish Wells Road, Summerville, SC 29486.

  All pursuant to Title 18, United States Code, Section 982(a)(2)(A), and the procedures set forth in Title 21, United States Code, Section 853, as incorporated by Title 18, United States Code, Section 982(b)(1).

_____
JUAN ANTONIO GONZALEZ
UNITED STATES ATTORNEY

_____
LINDSEY LAZOPOULOS FRIEDMAN
ASSISTANT UNITED STATES ATTORNEY

_____
JOSEPH S. BEEMSTERBOER
ACTING CHIEF, FRAUD SECTION

_____
PHILIP B. TROUT
TRIAL ATTORNEY, FRAUD SECTION

7

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA

v.

GARY A. VENNING,

           Defendant.              /

CASE NO. _____

**CERTIFICATE OF TRIAL ATTORNEY***

**Superseding Case Information:**

**Court Division:** (Select One)
- [ ] Miami
- [ ] Key West
- [✓] FTL
- [ ] WPB
- [ ] FTP

New defendant(s) [ ] Yes [ ] No
Number of new defendants _____
Total number of counts _____

1. I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.

2. I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. Section 3161.

3. Interpreter: (Yes or No) **No**
   List language and/or dialect _____

4. This case will take __0__ days for the parties to try.

5. Please check appropriate category and type of offense listed below:

   (Check only one)
   - I    0 to 5 days    [✓]
   - II    6 to 10 days    [ ]
   - III    11 to 20 days    [ ]
   - IV    21 to 60 days    [ ]
   - V    61 days and over    [ ]

   (Check only one)
   - Petty [ ]
   - Minor [ ]
   - Misdemeanor [ ]
   - Felony [✓]

6. Has this case previously been filed in this District Court? (Yes or No) **No**
   If yes: Judge _____ Case No. _____
   (Attach copy of dispositive order)
   Has a complaint been filed in this matter? (Yes or No) **No**
   If yes: Magistrate Case No. _____
   Related miscellaneous numbers: _____
   Defendant(s) in federal custody as of _____
   Defendant(s) in state custody as of _____
   Rule 20 from the District of _____
   Is this a potential death penalty case? (Yes or No) **No**

7. Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to August 9, 2013 (Mag. Judge Alicia O. Valle)? (Yes or No) **No**

8. Does this case originate from a matter pending in the Northern Region of the U.S. Attorney's Office prior to August 8, 2014 (Mag. Judge Shaniek Maynard)? (Yes or No) **No**

9. Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to October 3, 2019 (Mag. Judge Jared Strauss)? (Yes or No) **No**

_____
LINDSEY LAZOPOULOS FRIEDMAN
Assistant United States Attorney
FLA Bar No.      97192

*Penalty Sheet(s) attached

REV 3/19/21

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name:** GARY A. VENNING,

**Case No:** _____

**Count(s) #:** 1

Conspiracy to Commit Wire Fraud

Title 18, United States Code, Section 371

**\*Max.Penalty:** 5 Years' Imprisonment

\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.

AO 455 (Rev. 01/09) Waiver of an Indictment

# UNITED STATES DISTRICT COURT
for the
Southern District of Florida

| United States of America | ) | |
|---|---|---|
| v. | ) | Case No. |
| | ) | |
| Gary A. Venning, | ) | |
| Defendant | ) | |

## WAIVER OF AN INDICTMENT

I understand that I have been accused of one or more offenses punishable by imprisonment for more than one year. I was advised in open court of my rights and the nature of the proposed charges against me.

After receiving this advice, I waive my right to prosecution by indictment and consent to prosecution by information.

Date: _____

_____
*Defendant's signature*

_____
*Signature of defendant's attorney*

_____
*Printed name of defendant's attorney*

_____
*Judge's signature*

_____
*Judge's printed name and title*