UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO. 22-60001-CR-AHS

UNITED STATES OF AMERICA,
    Plaintiff,

vs.

GARY A. VENNING,
    Defendant.
_____

**DEFENDANT VENNING'S MOTION FOR DOWNWARD VARIANCE**

Defendant Gary A. Venning ("Venning"), by and through undersigned court-appointed counsel, respectfully moves this Honorable Court for an Order granting a downward variance at the time of his sentencing currently scheduled for April 21, 2022 at 3 p.m., and states:

**A. Factors Warranting A Downward Variance.**

1. On March 18, 2022, the United States Probation Office ("USPO") issued the Presentence Investigation Report ("PSR"). ECF No. 20.

2. On March 30, 2022, Venning filed his Objections to the PSR. ECF No. 21. In paragraphs 11, 12, and 14 of those Objections, Venning mentioned that he planned on seeking a downward variance from the advisory sentencing range the Court calculates at his sentencing hearing pursuant to the United States Sentencing Guidelines ("Guidelines").

3. A number of factors in Venning's particular case support that the Court consider granting a downward variance.

4. One of the Objections that Venning had to the PSR related to his request for a minor role adjustment. *See* ECF No. 21 at pp. 1-3, 5-7. From the outset of this case, Venning has fully accepted complete responsibility for the illegal conduct to which he pled guilty before this Court on February 8, 2022. He brought disgrace to himself and his family, and he wishes that he could turn back the clock and never have been involved in this crime. As a separate issue, it is undersigned counsel's obligation to ensure that he has served as an effective counselor and advocate for his client. Part of that obligation involves studying potential grounds for leniency during the sentencing phase of the case. There are two principal means to seek leniency through court filings prior to the sentencing hearing: a) objections to the PSR; and b) a motion for downward departure or variance from an advisory Guidelines sentence.

5. When Venning's role in this crime is viewed in relation to the roles of the other participants, there is a distinction. Venning already has described that distinction in his Objections and will not repeat it here. However, Venning very much would appreciate it if the Court would take that portion of the Objections into consideration in this Motion for Downward Variance. *See* ECF No. 21 at pp. 2-3.

6. Another ground for considering granting a downward variance is that Venning has been working diligently to try and pay back within a short time the entire forfeiture/restitution amount of $475,865.48. It is undersigned counsel's understanding that full repayment of such amounts are not common in fraud cases. However, Venning is trying his best to make the victim whole in this case. *See* PSR at par. 35. Although Stote is listed as an individual jointly and severally liable for the victim loss amount, from what the undersigned gathers it appears unlikely that Stote will be able to pay back any such amount.

7. Another factor the Court can take into consideration is that very early on when confronted with his wrongdoing, Venning decided to make things right as much as and as soon as possible. Venning secured counsel in South Carolina so that he could begin the process of admitting his guilt, accepting full responsibility for his illegal actions, and timely resolving his case. Undersigned counsel began representing Venning months later when the information for this case was going to be filed in the Southern District of Florida. By agreeing early on to plea terms and conditions and a stipulated factual proffer, Venning has helped conserve judicial and prosecutorial resources.

8. In paragraphs 47-51 of the PSR, Venning's Criminal History is described, and it does not result in any Criminal History Points. As a young man in South Carolina, Venning did have some problems with the law. However, of the four criminal cases he had up until age 27, three of them involved driving without a valid license. In 2003, at age 20, Venning had one drug case for which he received a probationary sentence. Venning currently is 39 years old. The last case listed in his Criminal History was in 2010 for driving under a suspended license.

9. In the PSR, Part C, Offender Characteristics, it states that Venning "is almost legally blind and without contacts, he cannot see because he has bad corneas." Doctor Neil Draisin, Draisin Vision Group in Charleston, South Carolina treats Venning for his eye condition. If Venning receives a blow to the head, it could result in a dangerous aggravation of this eye condition. In the prison setting, the chance of Venning receiving such an injury increases greatly.

10. Paragraph 70 of the PSR states that since 2014 Venning has been employed at Venning Liquors, a small family business in North Charleston, South Carolina. Venning is the general manager and main employee. Venning's father, also named Gary Venning, may be able

to attend the sentencing hearing and speak to the Court on this and other important issues.

11. In the PSR, Part D, "Sentencing Options," paragraph 82 states that, based on a Total Offense Level ("TOL") of 17, Criminal History Category I, the advisory Guideline imprisonment range is 24-30 months. In his Objections to the PSR, Venning has asked this Honorable Court for a two-level decrease for minor role. That would change the advisory imprisonment range to 18-24 months. In paragraph 86 of the PSR relating to probation, it states that Venning "is eligible for a term of not less than one nor more than five years probation by statute, 18 U.S.C. §3561(c)(1)." Paragraph 87 of the PSR mentions that, under the current advisory Guideline imprisonment range in Zone D of the Sentencing Table, a sentence of probation is not available. However, statutory provisions prevail over the Guidelines because, after *United States v. Booker*, 543 U.S. 220 (2005), the Guidelines were rendered advisory only. Therefore, if a conflict exists between two statutes, and one of them clothes a judge with the discretion to apply its provisions *vel non*, that judge has the power to apply the second statute which produces a different result. *See*, *e.g.*, *United States v. Leekley*, 377 F. Supp.3d 1318, 1329 (N.D. Fla. 2019)(citing *United States v. Chavez*, 204 F.3d 1305, 1311 (11th Cir. 2000))("Congress clearly has authorized courts to impose probation as an alternative to a term of imprisonment."). Regardless, with a downward variance to Zone B of the Sentencing Table, then even under the Guidelines this Honorable Court would have the option to sentence Venning to probation. That sentence would "impose[s] a condition or combination of conditions requiring intermittent confinement, community confinement, or home detention as provided in subsection (c)(3) of §5C1.1." *See* U.S.S.G. §5B1.1(a)(2); §5C1.1(c)(3).

12. Pursuant to S.D. Fla. L.R. 88.9, the understand has conferred with Philip Trout, the Department of Justice Attorney handling this case, regarding this Motion for Downward Variance. Mr. Trout advised that the Government opposes the relief requested in this Motion.

WHEREFORE, Defendant Gary A. Venning respectfully moves this Honorable Court for a downward variance from an advisory Guidelines range greater than Zone B of the Sentencing Table down to a range within Zone B where a probationary sentence would be authorized.

## MEMORANDUM OF LAW

1. This Honorable Court must decide what is a reasonable sentence to impose on Venning based upon, not only the Guidelines, but "in light of other statutory concerns as well." *Kimbrough v. United States,* 552 U.S. 82, 101 (2007)(citing *United States v. Booker,* 543 U.S. 220, 245-246 (2005)). Seven statutory factors are listed in 18 U.S.C. §3553(a). District courts should impose sentences which are "*sufficient but not greater than necessary*" to accomplish the goals of the sentencing statute. *Kimbrough*, *supra*, at 101 (emphasis supplied).

2. A sentencing court must calculate the Guidelines correctly. However, there is no presumption that a Guidelines sentence is both reasonable and appropriate. *Gall v. United States*, 552 U.S. 38, 49-50 (2007). The Supreme Court holds that variances from the advisory range can be based on the sentencing judge's disagreement as to whether it properly reflects the 18 U.S.C. §3553(a) factors regarding a particular defendant. *Kimbrough v. United States,* 552 U.S. 82, 105-09 (2007).

3. Although a district court must take into account all of the applicable §3553(a) factors to arrive at a reasonable sentence, that does not mean each of those factors must receive equal weight. Moreover, there is no requirement that there exist "extraordinary" circumstances for the

sentencing judge to impose a sentence outside the guideline range. *See*, *e.g.*, *Gall v. United States*, 553 U.S. 38, 57, (2007). Most importantly, if the sentence is outside the guideline range, the reviewing court may not presume the sentence was unreasonable. *Id*. at 51.

4. When a sentencing court decides on a sentence that is "sufficient, but not greater than necessary," and which meets the goals of 18 U.S.C. §3553(a), it should bear in mind that each defendant is a "unique study in the human failings that sometimes mitigate, sometimes magnify, the crimes and punishment to ensue." *Pepper v. United States*, 562 U.S. 476, 487 (2011)(citation omitted). "Underlying this principle is 'the tradition that the punishment should fit the individual and not merely the crime.'" *Id*. at 487-88 (citation omitted).

5. Applying the above bedrock sentencing principles the Supreme Court has handed down since the watershed case of *United States v. Booker*, 543 U.S. 220 (2005), to the unique, individual characteristics of Venning's case, it is prayed this Honorable Court impose a non-prison punishment. Such an outcome will be just, reasonable, and promote respect for the law, allowing for Venning to keep his small family business operating and ensuring that he has the means to timely pay the full forfeiture/restitution amount and support those who depend on him.

Respectfully submitted,

/ s / Martin A. Feigenbaum
Florida Bar No. 705144
P.O. Box 545960
Surfside, Florida 33154
Telephone: (305) 323-4595
Facsimile: (844) 274-0862
Email: innering@aol.com

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was furnished electronically by the CM/ECF system this 31st day of March, 2022, to all persons entitled to electronic notice in this cause.

/ s / Martin A. Feigenbaum