UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 22-60001-CR-SINGHAL

UNITED STATES OF AMERICA
        Plaintiff,

vs.

GARY A. VENNING,
        Defendant.

## PRELIMINARY ORDER OF FORFEITURE

**THIS MATTER** is before the Court upon motion of the United States of America (the "United States") for entry of a Preliminary Order of Forfeiture ("Motion") against Defendant Gary A. Venning (the "Defendant"). The Court has considered the Motion, is otherwise advised in the premises, and finds as follows:

On January 4, 2022, the United States filed an Information charging the Defendant with conspiracy to commit wire fraud in violation of 18 U.S.C. § 371. Information, ECF No. 1. The Information also contained forfeiture allegations, which alleged that upon conviction of a violation of 18 U.S.C. § 371, the Defendant shall forfeit any property constituting, or derived from, any proceeds the defendant obtained, directly or indirectly, as the result of such violation pursuant to 18 U.S.C. § 982(a)(2)(A). *See id.* at 6. The Information further alleged that if any of the property subject to forfeiture, as a result of an act or omission of the Defendant: (a) cannot be located upon the exercise of due diligence; (b) has been transferred or sold to, or deposited with, a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been substantially diminished in value; or (e) has been commingled with other property which cannot be divided without difficulty, the United States shall be entitled to forfeiture of substitute property under the provisions of 21 U.S.C. § 853(p), and such substitute property includes, but is not limited to: real

property located at 483 Spanish Wells Road, Summerville, SC 29486.[1] *See id.* at 6-7.

On February 8, 2022, the Court accepted the Defendant's guilty plea to the Information. *See* Minute Entry, ECF No. 15; Plea Agreement ¶ 1, ECF No. 16. As part of the guilty plea, the Defendant agreed to the entry of a forfeiture money judgment in the amount of $454,272.00.[2] Plea Agreement ¶¶ 10-11, ECF No. 16.

In support of the guilty plea, the Defendant executed a Factual Proffer, and the Court found that there was a factual basis to support the Defendant's conviction. *See* Factual Proffer, ECF No. 17. The Factual Proffer also provided a basis for the forfeiture of property. *See id.* at 3.

According to the Defendant's Factual Proffer, from in around May 2020 through in around at least July 2020, the Defendant conspired with James Stote, Devonte Thames, Jerrica Rosado, and others to submit and cause the submission of fraudulent Paycheck Protection Program ("PPP") loans. Factual Proffer at 2, ECF No. 17. In furtherance of the conspiracy, and to accomplish its object and purpose, the Defendant caused the submission of a PPP loan application on behalf of Vennings Liquor and Spirits ("Vennings Liquor") that contained materially false and fraudulent misrepresentations. *Id.* As a result of false and fraudulent representations made by the Defendant and his co-conspirators, Bank Processor 1 approved a PPP loan for Vennings Liquor in the amount of $454,272.00, which Bank 1 funded the Company 1 Loan by making a wire payment in that amount to a business checking account ending in 9201

---

[1] The United States and the Defendant are engaged in settlement negotiations regarding the forfeiture of this property. Therefore, the United States is not seeking forfeiture of this property at this time.

[2] Defendant also consented to the forfeiture of an additional real property in the Plea Agreement, but, as discussed above ,the United States is currently engaged in settlement negotiations with the Defendant regarding the forfeiture of his properties. Therefore, the United States is not seeking forfeiture any specific assets at this time.

held in the name of Vennings Liquor & Spirits LLC for which Defendant was a signatory. *Id.* at 3. Based on the record in this case, the total value of the proceeds traceable to the offense of conviction is $454,272.00, which sum may be sought as a forfeiture money judgment pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure.

Accordingly, based on the foregoing, the evidence in the record, and for good cause shown, the Motion is **GRANTED**, and it is hereby **ORDERED** that:

1. Pursuant to 18 U.S.C. § 982(a)(2)(A) and Rule 32.2 of the Federal Rules of Criminal Procedure, a forfeiture money judgment in the amount of $454,272.00 is hereby entered against the Defendant.

2. The United States is authorized to conduct any discovery that might be necessary to identify, locate, or dispose of forfeited property, and to resolve any third-party petition, pursuant to Rule 32.2(b)(3), (c)(1)(B) of the Federal Rules of Criminal Procedure and 21 U.S.C. § 853(m).

3. Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Order is final as to the Defendant.

4. The Court shall retain jurisdiction in this matter for the purpose of enforcing this Order, and pursuant to Rule 32.2(e)(1) of the Federal Rules of Criminal Procedure, shall amend this Order, or enter other orders as necessary, to forfeit additional specific property when identified.

**DONE AND ORDERED** in Fort Lauderdale, Florida, this _4th_ day of April 2022.

RAAG SINGHAL
UNITED STATES DISTRICT JUDGE